**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID ADRIEL RUELAS CAMPOS,

*Petitioner*,

v. No. 1:26-cv-03323-SMD-SCY

WARDEN OF THE TORRANCE
COUNTY DETENTION CENTER, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order and Preliminary Injunction. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States in January 2023 and was apprehended in the interior of the country in September 2026. Doc. 9. Petitioner's apprehension followed a September 3, 2026 arrest involving suspected driving while intoxicated and an alleged open-container violation. Doc. 9. Although Respondents submitted records concerning the arrest, they did not argue that it warranted continued detention. Docs. 7, 9. He has remained in ICE custody since September 4, 2026. Doc. 9. An immigration judge ordered his removal on September 28, 2026, and Petitioner timely appealed to the Board of Immigration Appeals. Doc. 1 ¶¶ 8–11; Doc. 9. He remains detained without an individualized bond hearing. Doc. 1 ¶ 11. Petitioner also alleges that he suffers from cardiac arrhythmia and chest pain and that detention medical staff continued administering hydroxyzine despite its potential cardiac risks. Doc. 4 ¶¶ 2–4.

The Court directed Respondents to identify the factual and legal grounds for Petitioner's detention. Doc. 6. Respondents elected not to submit a substantive opposition, acknowledged that the Court may grant habeas relief, and proposed a bond hearing within seven days or release. Doc. 7 at 1.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D.

Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States approximately three years ago and was arrested in the interior of the country, § 1226 governs Petitioner's detention.

II. The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights

The Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention

here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted).

Respondents do not assert that a mandatory-detention provision applies or dispute Petitioner's allegation that he remains detained without individualized custody review. Although Respondents submitted Petitioner's criminal-history records, they have not argued that those records establish a danger to the community or flight risk warranting continued detention. *See Ramirez Garcia v. Warden, Cent. Valley Annex*, No. 1:26-cv-05117-EJD, 2026 WL 2766927, at *1 (E.D. Cal. Sept. 17, 2026) (finding unlawful petitioner's detention by immigration authorities after his arrest for driving under the influence, where respondents did not argue petitioner was a danger or flight risk if released, and granting release).

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

Having evaluated the record, the Court concludes that Petitioner's continued detention without such process violates the Due Process Clause of the Fifth Amendment. Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026).

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents **SHALL** release Petitioner within 48 hours of entry of this order, without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment;

3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

______________________________
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**